UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ALLEN RUSSELL,

       Petitioner,

v.                                   Civil Action Number: 2:13-cv-10655
                                        Honorable Victoria A. Roberts

DEBRA SCUTT,

       Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION FOR AN
APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

**I.  INTRODUCTION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241.

Promptly after the filing of a Habeas Petition, the Court must undertake a preliminary review of

the Petition to determine whether "it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section

2254 Cases; *see* 28 U.S.C. § 2243.[1]  If so, the Petition must be summarily dismissed.  Rule 4; *see*

*Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty

to screen out petitions that lack merit on their face).  A dismissal under Rule 4 includes those

petitions which raise legally frivolous claims, as well as those containing factual allegations that

are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

---

[1]The Rules Governing Section 2254 cases also may be applied to habeas-corpus actions
filed under section 2241.  *See* Rule 1(b), Rules Governing Section 2254 Cases.

The Court concludes that Petitioner should have brought his habeas action under section 2254 rather than section 2241 and, therefore, dismisses the action without prejudice.

## II.  BACKGROUND

Petitioner Kenneth Allen Russell is incarcerated by the Michigan Department of Corrections in Jackson, Michigan.  He is serving sentences for criminal sexual conduct, second degree, and absconding, per the Department of Corrections website.   Petitioner pleaded guilty in the Circuit Court in Crawford County, Michigan.  He was sentenced on January 9, 2002.

Petitioner filed this Habeas Petition on February 15, 2013.  The Court finds it difficult to understand Petitioner's allegations.  Looking through the confusing and rambling sixty-seven-page, narrative, the Court is unable to determine, with any specificity, the claims raised, let alone the arguments supporting those claims.  What the Court does glean from the Petition is that Petitioner appears to be challenging the lower court's jurisdiction over him with respect to his sentencing and his plea agreement.  He seems to allege that his plea is a contract and was not treated as such.  Also, Petitioner himself does not identify the convictions that he challenges.

However, on March 8, 2013, Petitioner filed another sixty-page, narrative entitled "Petition to Void Judgment."  This Petition is confusing and rambling as well.  Petitioner does identify the convictions he challenges– criminal sexual conduct, second degree, and absconding–and appears to again raise claims concerning the state court's jurisdiction over him and his plea.  He also alleges that he was denied medical care.

## III.  DISCUSSION

### A.  Habeas Corpus Petition under section 2241

2

Petitioner filed this action under section 2241, which generally authorizes federal district courts to issue writs of habeas corpus to state or federal prisoners who are in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmund v. United States*, 520 U.S. 651, 657 (1997); *Prieser v. Rodriguez*, 411 U.S. 475, 488 (1973). Section 2254 is the more specific habeas statute regarding concerning challenges to state-court judgments; its provisions take precedence over section 2241. *See Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006); *Davis v. Woods*, No. 09-cv-11254, 2009 WL 1406384, at *1 (E.D. Mich. May 19, 2009) (citing cases).

Both sections 2241 and 2254 authorize a petitioner to challenge the legality of his state custody. However, allowing a petitioner to file his "petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent." *Cole v. Harry*, No. 1:12-cv-1019, 2012 WL 5306186, at *2 (W.D. Mich. Oct. 26, 2012) (citations omitted). Thus, despite the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by section 2254. *See Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002) (citation omitted). Allowing a petitioner to file a petition in federal court under section 2241 without reliance on section 2254 circumvents the procedural restrictions of section 2254. In *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001), the Sixth Circuit agreed with

3

the Seventh Circuit:

> [W]hen a [state] prisoner begins in the district court, [section] 2254 and all associated statutory requirements [including COA's under section 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes [section] 2254 the exclusive vehicle for prisoners in custody pursuant to a state[-]court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under [section] 2241 will not permit the prisoner to evade the requirements of [section] 2254.)

*Id.* at 371 (citation omitted); *see also Long v. Commonwealth of Ky.*, 80 F. App'x 410, 414 (6th Cir. 2003) (same).

Petitioner cannot evade the procedural requirements of section 2254 by filing a section 2241 Petition. If section 2254 was not a restriction on section 2241's authority to grant the writ of habeas corpus, then section 2254 would serve no function at all; a state prisoner could avoid section 2254 limitations simply by writing section 2241 on his habeas petition. *See Wilson v. Wolfenbarger*, No. 09-cv-13637, 2009 WL 3464734, at *2 (E.D. Mich. Oct. 23, 2009) (citations omitted).

Petitioner attempts to challenge his state-court convictions and sentences, arising in the Crawford County Circuit Court. He should have filed his action under section 2254 and the Court will not re-characterize the Petition under section 2254. *Warren v. Miller*, No. 1:05-cv-651, 2005 WL 3007107, at *3 (W.D. Mich. Nov. 9, 2005) (district court properly dismissed petition without prejudice under section 2241 instead of converting to petition under section 2254). The Court dismisses this action without prejudice to avoid any adverse consequences with respect to any section 2254 claim Petitioner may file in the future. *Id.*

Also, to the extent Petitioner attempts to amend his Petition with the March 8, 2013 Petition, the Court allows it pursuant to Federal Rule of Civil Procedure 15, which permits a

party to amend a pleading once as a matter of course at any time before a responsive pleading is served.  However, the Court finds that the denial-of-medical-care claims raised in that Petition concern conditions of Petitioner's confinement and such claims are civil rights claims which should be brought under section 1983.  *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (finding court should have dismissed petitioner's section 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a section 1983 action rather than re-characterize as a section 2254 petition).

Even if Petitioner's habeas action, brought under section 2254, the Court would still dismiss it.   It is a largely incoherent and rambling narrative,.  The Court is unable to determine the argument or arguments in support of the claims raised, even after sifting through the numerous stream-of-consciousness musings and digressions.

The Court summarily dismisses Petitioner's Habeas Petition, pursuant to Rule 4, because it should have been brought under section 2254 rather than section 2241.  The Petition is dismissed without prejudice.

### B.  Certificate of Appealability

Under section 2253(c)(2), the Court must determine whether a Certificate of Appealability should be granted.  A Certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It follows that an issue merits review is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is somewhat anomalous for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490,

492 (9th Cir.1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate).  The Court declines to issue Petitioner a Certificate of Appealability and DENIES him an Application for Leave to Proceed on Appeal *In Forma Pauperis*.

## IV.  CONCLUSION

The Court:

(1)      DENIES Petitioner's "Petition for Writ of Habeas Corpus" [ECF Nos. 1 & 8] without prejudice; and

(2)      DECLINES to issue Petitioner a Certificate of Appealability and DENIES him an Application for Leave to Proceed on Appeal *In Forma Pauperis*.

**IT IS ORDERED**.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 25, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Kenneth Allen Russell by electronic means or U.S. Mail on March 25, 2013.

S/Linda Vertriest
Deputy Clerk